IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>                              Plaintiff,    )<br>                                            )<br>vs.                                         )<br>                                            )<br>LUIS BELTRAN-PALAFOX, et al.,    )<br>                              Defendant.   )<br>_____ ) | Case No. 09-40022-01-JAR |

## MOTION TO SUPPRESS EVIDENCE

**COMES NOW** the accused, Luis Beltran-Palafox, by and through his attorney, Marilyn M. Trubey, Assistant Federal Public Defender for the District of Kansas, and moves the Court to suppress evidence seized from the vehicle which he was driving lawfully in Salina, Kansas, on December 15, 2008, as well as statements allegedly made by Mr. Beltran following the stop and arrest. In support of his motion, the accused states as follows:

Officers with the I-135/I-70 Drug Task Force were conducting an investigation into allegations that Mr. Beltran was involved in controlled substances offenses. As part of this investigation, officers conducted surveillance of Mr. Beltran on December 15, 2008. When he and Mr. Elenes-Mombela left a residence in rural Saline County, Kansas, the officers determined to stop the vehicle driven by Mr. Beltran. Investigator McCary alleged that, from sone distance away, he thought the window tint on Mr. Beltran's vehicle was darker than legally permissible. He contacted Officer Garcia to make a stop of the vehicle, based

on the window tint.

Mr. Beltran and Mr. Elenes-Mombela were detained at the site of the stop until a drug detection dog could be brought to the scene. It is alleged that the dog gave a positive indication for the presence of drugs in the vehicle. The car was searched, and it is alleged that drugs and a firearm were found. Those items form the basis for the indictment in the above-entitled action.

A traffic stop is a seizure coming within the purview of the Fourth Amendment to the United States Constitution. ***United States v. Botero-Ospina***, 71 F.3d 783, 786 (10th Cir. 1995) (en banc), cert. denied, 116 S.Ct. 2529, 135 L.Ed. 2d 1052 (1996). As such, it must be justified at its inception, and detention of the driver and passengers must be "reasonably related in scope to the circumstances which justified the interference in the first place." ***Terry v. Ohio***, 392 U.S. 1, 20, 88 S.Ct. 1868, 1879, 20 L.Ed.2d 889 (1968); ***United States v. Toro-Pelaez***, 107 F.3d 819, 824 (10th Cir. 1997). A traffic stop is valid at its inception "if the stop is based on an observed traffic violation or if the police officer has reasonable articulable suspicion that a traffic or equipment violation has occurred, or is occurring." ***Botero-Ospina***, 71 F.3d at 787. *See also,* ***Whren v. United States***, 517 U.S. 806, 116 S.Ct. 1769, 1777, 135 L.Ed.2d 89 (1996).

In the instant case, the initial stop violated the Fourth Amendment, for the reason that no traffic violation was occurring. The Kansas statute under which the stop was made, K.S.A. § 8-1749a, provides:

> (a) No motor vehicle required to be registered in this state and which is operated on the highways of this state shall be equipped with one-way glass or any sun screen device, as defined in K.S.A. 8-1749b, and used in conjunction with safety

> glazing materials that do not meet the following requirements:
> , , ,
> (3) the total light transmission shall not be less than 35% when a sun screening device is used in conjunction with safety glazing materials or other existing sun screening devices.

The evidence which will be presented at the suppression hearing will show that the window tint on Mr. Beltran's vehicle did not violate this statute, and no reasonable person would think that it did.

Rather, this was clearly a pretextual stop. In the case now on before the Court, as in **United States v. Green**, 437 F.Supp.2d 38, 41 (D.D.C. 2006), "The tint window law is as close to a purely pretextual reason for stopping vehicles as can be found in the real world of everyday police work."

The facts of this case are strikingly similar to those in **United States v. Page**, 154 F.Supp.2d 1316 (M.D.Tenn. 2001), in which the court ordered items seized from the defendant's vehicle suppressed from evidence. There, agents with a drug task force were investigating the defendant for alleged drug activity. The agents notified a uniformed officer that the vehicle the defendant was driving would be in a certain location, and should be stopped. That officer alleged that he observed the defendant's vehicle traveling thirty miles per hour for five to ten seconds, and formed the opinion that the window tint on the defendant's vehicle was too dark. The court found there was insufficient basis to establish probable cause to stop the defendant's vehicle. In ordering the evidence suppressed, the court stated:

> [I]t is the responsibility of the courts to make sure that police officers act appropriately and not abuse the power legally afforded to them by, among other things, carefully scrutinizing a police officer's testimony as to the purpose of the initial stop.

>*Id.* at 1320.

Likewise, this Court will find, upon careful scrutiny, that there was no legal basis for the stop of Mr. Beltran's vehicle.

In addition, Mr. Beltran was unlawfully detained following the stop for the purpose of bringing a drug detection dog to the scene. The continued detention of Mr. Beltran was unlawful, as it was not reasonably related to the reason for the traffic stop. The Tenth Circuit Court of Appeals, in **United States v. Salzano,** 158 F.3d 1107, 1998 WL 731250 (10th Cir. 1998), held:

> In the absence of probable cause or a warrant, the officer must have "an objectively reasonable and articulable suspicion that illegal activity has occurred or is occurring" in order to justify detaining an individual for a period of time longer than that necessary to review a driver's license and vehicle registration, run a computer check, determine that the driver is authorized to operate the vehicle, and issue the detainee a citation. [citations omitted]..."Inchoate suspicions and unparticularized hunches. . .do not provide reasonable suspicion." [citation omitted]

The Court in **Salzano** found the accused's choice of a motor home to travel across country, the discrepancy in the number of people on the rental agreement and the accused traveling alone, the trooper's knowledge that motor homes are sometimes used to transport drugs, the accused's nervousness, the smell of evergreen in the motor home, and the accused's statement that he had come from California insufficient to support reasonable suspicion of criminal activity. In the instant case, the officers had no articulable basis upon which to detain Mr. Beltran.

A driver may not be detained, as was Mr. Beltran, solely for a dog sniff of the vehicle without probable cause. Refusal to consent to a search of the vehicle may not be

4

considered in determining whether probable cause existed.  ***United States v. Hunnicutt***, 135 F.3d 1345, 1350-51 (10th Cir. 1998).  Nor may knowledge of one's prior convictions or arrests form the basis for probable cause.  ***United States v. Sandoval***, 29 F.3d 537, 542 (10th Cir. 1994); ***United States v. Lee***, 73 F.3d 1034, 1040 (10th Cir. 1996).

Lastly, the drug dog did not provide probable cause to search Mr. Beltran's vehicle.  The Tenth Circuit has held that an alert by a *qualified* drug dog may provide probable cause to search.  However, the dog used in this case was not reliable.  An indication of this unreliability was the fact that the dog pulled a bag containing food out of the car.  The dog only dropped the bag at the handler's urging.  A reliable drug dog is trained to ignore such enticements.  In addition, the handler ran the dog around the vehicle twice, cuing him to alert.

WHEREFORE, the accused, Luis Beltran-Palafox, respectfully moves the Court to suppress from evidence the items found during the search of his vehicle, and any statements attributed to him as a result of the illegal search.

Respectfully submitted,

s/ Marilyn M. Trubey_____
MARILYN M. TRUBEY 13231
Assistant Federal Public Defender
For the District of Kansas
424 South Kansas, Room 205
Topeka, Kansas  66603-3439
Telephone:  (785) 232-9828
Fax: (785) 232-9886
E-mail: marilyn_trubey@fd.org

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 16, 2009, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

Jared Maag
Assistant United States Attorney
Jared.Maag@usdoj.gov


B. Kay Huff
Counsel for Raymundo Elenes-Mombela
khuff@1040nh.com

                                        s/ Marilyn M. Trubey_____
                                        MARILYN M. TRUBEY