## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,     ) | |
| ) | |
| Plaintiff,     ) | |
| ) | |
| vs.     ) | Case No. 09-40022-01-JAR |
| ) | Case No. 12-4016-JAR |
| LUIS BELTRAN-PALAFOX,     ) | |
| ) | |
| Defendant.     ) | |
| _____) | |

### MEMORANDUM AND ORDER

On June 14, 2010, Luis Beltran-Palafox pled guilty to one count of possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A), and was consequently sentenced to a 60-month term of imprisonment (Docs. 118, 129). On February 8, 2012, Mr. Beltran-Palafox, proceeding *pro se*, filed a Motion for Time Reduction By an Inmate in Federal Custody Under 28 U.S.C. § 2255 (Doc. 136), requesting a reduction of his sentence because his alien status renders him ineligible to serve a portion of his sentence in minimum security incarceration and community confinement and therefore subjects him to a harsher sentence than that received by similarly situated citizens. He further submits that he was entitled to a two-point reduction in his sentence pursuant to the Attorney General's Memorandum of April 28, 1995. Mr. Beltran-Palafox asserts that the dissimilar treatment of citizens and certain deportable aliens violates his Fifth and Fourteenth Amendment rights to due process and equal protection. In its response, the Government moves to dismiss Mr. Beltran-Palafox's Motion as untimely and substantively flawed (Doc. 137). After a careful review of the record and the arguments presented, the Court denies Mr. Beltran-Palafox's motion without further evidentiary hearing.

I.      **Legal Standards**

Under § 2255(a):

> A prisoner in custody under sentence of a court established by Act
> of Congress claiming the right to be released upon the ground that
> the sentence was imposed in violation of the Constitution or laws
> of the United States, or that the court was without jurisdiction to
> impose such sentence, or that the sentence was in excess of the
> maximum authorized by law, or is otherwise subject to collateral
> attack, may move the court which imposed the sentence to vacate,
> set aside or correct the sentence.

According to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States

District Courts:

> The judge who receives the motion must promptly examine it.  If it
> plainly appears from the motion, any attached exhibits, and the
> record of prior proceedings that the moving party is not entitled to
> relief, the judge must dismiss the motion.

An evidentiary hearing must be held on a § 2255 motion "unless the motion and files and

records of the case conclusively show that the prisoner is entitled to no relief."[1]  Petitioner must

allege facts which, if proven, would warrant relief from his conviction or sentence.[2]   An

evidentiary hearing is not necessary where the factual allegations in a § 2255 motion are

contradicted by the record, inherently incredible, or when they are conclusions rather than

statements of fact.[3]  A district court may grant relief under § 2255 if it determines "that the

judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by

---

[1] 28 U.S.C. § 2255(b).

[2] *See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir. 1995), *cert. denied*, 517 U.S. 1235 (1996).

[3] *Arredondo v. United States,* 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); *see also Hatch*, 58 F.3d at 1471 ("the allegations must be specific and particularized, not general or conclusory"); *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (rejecting ineffective assistance of counsel claims which are merely conclusory in nature and without supporting factual averments).

2

law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."[4]

Finally, Mr. Beltran-Palafox appears *pro se*.  Therefore, his pleadings are to be construed liberally and not to the standard applied to an attorney's pleadings.[5]  If a petitioner's motion can be reasonably read to state a valid claim on which he could prevail, the court should do so despite a failure to cite proper legal authority or follow normal pleading requirements.[6] However, it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant."[7]  For that reason, the court shall not supply additional factual allegations to round out a petitioner's claims or construct a legal theory on his behalf.[8]

## II.    Discussion

### A.    Statute of Limitations

The Court first addresses the Government's argument that Mr. Beltran Palafox's motion should be dismissed because he filed it outside of the applicable statute of limitations.  A petitioner's § 2255 motion is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which establishes a one-year limitations period for federal prisoners seeking habeas relief.[9]  This statute provides that a defendant has one year from the date his judgment of

---

[4]28 U.S.C. § 2255.

[5]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[6]*Id.*

[7]*Id.*

[8]*See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

[9]*See* 28 U.S.C. § 2255(f).

conviction became final to file his § 2255 motion.[10]  In this case, Mr. Beltran-Palafox did not

directly appeal his judgment of conviction, which was entered September 24, 2010,[11] and

became final on October 8, 2010.[12]  Thus, for Mr. Beltran-Palafox's motion to be considered

timely filed, it must have been filed by October 8, 2011.  Mr. Beltran-Palafox's motion was filed

on February 8, 2012, well outside the afforded time-period under § 2255.  Accordingly, the

Court agrees with the Government that the motion may be dismissed as untimely.

> **B.      Harsher Sentence**

Alternatively, the Court addresses the merits of Mr. Beltran-Palafox's claims.  Mr.

Beltran-Palafox contends that he is entitled to a sentence reduction because he is not eligible for

certain benefits and privileges while in prison because he is a deportable alien.  This ineligibility,

Mr. Beltran-Palafox argues, amounts to a more severe sentence than that of citizen inmates.  Mr.

Beltran-Palafox specifically mentions citizen-only benefits that include drug programs that offer

reduced sentences, transfers to half-way houses and jobs with higher wages.

Mr. Beltran-Palafox's claim is without merit.  To state an equal protection claim, a

plaintiff must allege he was treated differently from other similarly situated persons,[13] and

deportable aliens are not "similarly situated" to United States citizens.  It is not an equal

protection violation to allow United States citizen-inmates, who must re-enter domestic society,

to participate in rehabilitative or other programs, while denying that privilege to deportable

---

[10]*Id.* at (f)(1).

[11]Doc. 129.

[12]*See* Fed. R. App. P. 4(b)(A)(i) (providing that in criminal cases, a defendant's notice of appeal shall be filed within fourteen days after entry of judgment).

[13]*See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).

inmates.[14]  The Supreme Court "has firmly and repeatedly endorsed the proposition that Congress may make rules as to aliens that would be unacceptable if applied to citizens."[15]  Thus, Mr. Beltran-Palafox's harsher sentence claim fails.

### C.      Downward Departure

Mr. Beltran-Palafox additionally asks for a sentence reduction because of a 1995 United States Attorney General Memorandum that allows a two-level downward departure from the applicable guidelines range in return for an alien's concession of deportability and agreement to accept a final order of deportation.  Mr. Beltran-Palafox misconstrues this memo as a mandated downward departure.  In fact, as the Government points out, these departures (under U.S.S.G. § 5K3.1) are available only after a United States Attorney submits a proposal that is subsequently authorized by the United States Attorney General, and no such departure or agreement was sought by the parties in Mr. Beltran-Palafox's case.  Thus, Mr. Beltran-Palafox's downward departure claim fails on the merits.

### D.      Certificate of Appealability

Effective December 1, 2009, Rule 11 of the Rules Governing Section 2255 Proceedings requires the Court to grant or deny a certificate of appealability ("COA") when making a ruling adverse to the petitioner.  "A certificate of appealability may issue . . . only if the applicant has

---

[14]*See McLean v. Crabtree*, 173 F.3d 1176, 1185 (9th Cir. 1995) (holding that a defendant's exclusion from certain Bureau of Prison programs as a consequence of his alien status does not violate due process or equal protection); *Rendon-Inzuna v. United States*, No. 09-1258-LAB, 2010 WL 3076271, at *1 (S.D. Cal. Aug. 6, 2010) (citing *Santos v. United States*, 940 F. Supp. 275, 281 (D. Haw. 1996) (holding one's status as a deportable alien, which may result in ineligibility for less restrictive terms of confinement, cannot justify downward departure; plaintiff failed to state an equal protection claim "because deportable aliens are not 'similarly situated' to United States citizens.")).

[15]*Denmore v. Kim*, 538 U.S. 510, 521-22 (2003).

made a substantial showing of the denial of a constitutional right."[16]   A petitioner may satisfy his burden only if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[17]   Petitioner is not required to demonstrate that his appeal will succeed to be entitled to a COA.  He must, however, "prove something more than the absence of frivolity or the existence of mere good faith."[18]  "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims.  In fact, the statute forbids it."[19]  For the reasons detailed in this Memorandum and Order, Mr. Beltran-Palafox has not made a substantial showing of the denial of a constitutional right, and the Court denies a COA as to its ruling on his § 2255 motion.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner Luis Beltran-Palafox's Motion for Time Reduction under 28 U.S.C. § 2255 (Doc. 136) is DISMISSED as untimely and alternatively, on the merits; Mr. Beltran-Palafox is also denied a COA.

**IT IS SO ORDERED.**

Dated: March 16, 2012

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[16]28 U.S.C. § 2253(c)(2).  The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability.  *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

[17]*Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 524 U.S. 274, 282 (2004)).

[18]*Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003).

[19]*Id.* at 336; *see also United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir. 2005).